UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 13 - 1640

---------------------------------------------------------------X

GEORGE TORRES,

                Plaintiff,

                -against-

THE CITY OF NEW YORK, a municipal corporation;
DETECTIVE MATTHEW ZITO, TAX NO. 937792;
POLICE OFFICER JOHN DOE in their individual and
official capacities,

                Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

KUNTZ, J.

POLLAK, M.J

---------------------------------------------------------------X

    Plaintiff, George Torres, by his attorney, Steven E. Lynch, alleges for his complaint against the defendants as follows:

### PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights guaranteed by the Constitutions of the Unites States and the State of New York.

### JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

    4.    Plaintiff invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over any and all state constitutional or common law claims that are so related to the claims within the original jurisdiction of this court that they form part of the same controversy.

Plaintiff has satisfied all procedural prerequisites with respect to his state law claims: Plaintiff served notice of claim upon the City within ninety (90) days of the incident underlying his claims and has otherwise complied with the statutory requirements of the General Municipal Law of the State of New York. Although thirty (30) days have elapsed since service of his initial notice of claim, the City has not adjusted or paid such claim.

## VENUE

5. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b)(2), in that this is the District in which the events or omissions underlying the claim arose.

## JURY DEMAND

6. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. Plaintiff was at all relevant times a citizen of the City and State of New York.

8. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

10. At all times hereinafter mentioned, the individually named defendants, Detective Matthew Zito and Police Officer John Doe were duly sworn police officers of said department

and were acting under the supervision of said department and according to their official duties.

11. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

14. On March 15, 2012, at approximately 6:00 p.m., plaintiff stopped his car at a red light near the intersection of Myrtle Avenue and Evergreen Avenue in Brooklyn, New York.

15. As plaintiff waited for the traffic light to turn green, a grey van pulled in front of plaintiff's car.

16. Two plainclothes police officers exited the grey van with their guns drawn.

17. Plaintiff complied with orders to turn off and get out of his car.

18. After receiving plaintiff's identification, Detective Matthew Zito and Police Officer John Doe searched the plaintiff and found no contraband.

19. While plaintiff was handcuffed, a police officer drove plaintiff's vehicle around the corner to Suydam Street.

20. Diet pills prescribed to plaintiff and inside a bottle with plaintiff's name on it were recovered from plaintiff's vehicle.

21. Detective Matthew Zito and Police Officer John Doe arrested plaintiff and took plaintiff to the 83rd precinct, located at 480 Knickerbocker Avenue, Brooklyn, New York 11237.

22. After plaintiff was transported to 83rd Precinct, plaintiff was strip-searched.

23. On Marched 16, 2012, the court dismissed the charge of Penal Law section 220.03 criminal possession of a controlled substance in the seventh degree.

### FIRST CAUSE OF ACTION
*42 U.S.C. § 1983 -Fourth and Fourteenth Amendment Violations
for False Arrest*
(Against the Individual Officer Defendants)

24. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "23" with the same force and effect as if fully set forth herein.

25. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper, and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, intentionally, willfully, and with malice, and without probable cause, privilege or consent.

26. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### SECOND CAUSE OF ACTION
42 U.S.C. § 1983- Fourth Amendment Violations Illegal Strip Search in 83rd Precinct
(Against the Individual Officer Defendants)

27. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28. Police Officer John Doe's strip search of plaintiff in the 83rd precinct was illegal because no police officer had probable cause to believe plaintiff committed a crime

29. Moreover, no police officer had reasonable suspicion to believe that the

plaintiff was hiding illegal items under his clothes.

30. At the time of plaintiff's strip search in the 83rd precinct, plaintiff had not been arraigned before a judge nor been admitted to a correctional facility.

31. By virtue of the foregoing, the defendants deprived the plaintiff of his Fourth Amendment rights under the United States Constitution to be free from unreasonable searches of his person and are liable to plaintiff under 42 U.S.C. §1983.

### THIRD CAUSE OF ACTION
### MUNICIPAL LIABILITY

32. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. Defendants falsely arrested and strip searched plaintiff without reasonable justification, notwithstanding their knowledge that said false arrest and illegal searches would jeopardize plaintiff's well-being, safety, and constitutional rights.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

36. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate

indifference to the safety, well-being and constitutional rights of plaintiff George Torres.

37. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by George Torres as alleged herein.

38. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff suffered false arrest and an unlawful strip searches.

39. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff George Torres.

40. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff George Torres constitutional rights.

### FOURTH CAUSE OF ACTION
New York Common Law
(Against all Defendants)

41. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. By the actions described above, the City and each and every Individual Officer Defendant, jointly and severally, falsely arrested plaintiff, which is tortious under the laws of the State of New York:

43. The foregoing acts and conduct of defendants were a direct and proximate

cause of injury and damage to plaintiff and violated the common law rights guaranteed to them by the law of the State of New York.

### FIFTH CAUSE OF ACTION
New York State Constitution
(Against the City and the Individual Officer Defendants)

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. The Individual Officer defendants subjected plaintiff to the foregoing acts and omissions without due process of law, thereby depriving Plaintiff of his rights to be free from unreasonable searches and seizures, in violation of New York State Constitution Article 1, § 12.

### SIXTH CAUSE OF ACTION
Respondeat Superior
(Against the City of New York)

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein..

47. The Individual Officer Defendants were employees of the City at the time of the incidents alleged herein and each was acting at all relevant times within the scope of his or her employment with the City.

48. The City is therefore vicariously liable for the tortious acts as described and alleged herein of the Individual Officer Defendants under the common law doctrine of respondeat superior.

WHEREFORE, plaintiff demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive

damages, plus attorney's fees, costs, and disbursements of this action

Dated: New York, New York  
       March 27, 2013

By: _____  
Steven E. Lynch  
Attorney for Plaintiff  
The Law Offices of Steven E. Lynch  
233 Fifth Avenue, Suite 4A  
New York, New York 10016  
(T) (718) 858-8737  
(F) (718) 690-3593  
stevenelynch@gmail.com